**Application of Paul METZ.**
**Patent Appeal No. 7430.**

United States Court of Customs
and Patent Appeals.
June 14, 1965.

Richard E. Babcock, Jr., Washington, D. C. (Watson, Cole, Grindle & Watson, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

SMITH, Judge.

The issue here arises under 35 U.S.C. § 103 and its resolution requires us to review the decision of the Board of Appeals affirming the examiner's rejection of appealed claims 8–13 of appellant's application, serial No. 41,098, filed July 6, 1960, entitled "Steel Converter."

The references relied on in support of the rejection are:

| | | |
|---|---|---|
| Kootz et al. | 2,817,584 | Dec. 24, 1957 |
| Kalling et al. | 2,902,358 | Sept. 1, 1959 |
| Kosmider et al. | 2,979,395 | April 11, 1961 |

Appellant's invention relates to a converter for refining steel by a top blowing method in which oxygen is injected downwardly through lances which extend into the converter from above, as distinguished from the older and more conventional arrangement employed in the well-known Bessemer converter, in which the oxygen is passed upwardly into the converter through its bottom. The converter of the present invention comprises a base, and a body having an integral dome, with a mouth at the top of the converter. The dome surrounds the mouth and extends to the body proper which in turn extends to the base. The base, body and dome have an inner refractory lining which has an upwardly widening or flaring configuration as it approaches the dome. Such a converter is defined in claim 8, which is illustrative and reads as follows:

8. A converter operable for refining of steel by a top-blowing method com-

prising a base, a body, an integral dome and a mouth positioned at the top of said converter, said mouth being surrounded by said dome which extends to said body with the latter extending from said dome to said base, said base, said body and said dome having an inner refractory lining, and the inner surface of at least that portion of said inner refractory lining which is adjacent the upper part of said body having an upwardly widening configuration as it approaches said dome.

The combination thus defined and upon which patentability is predicated is seen to consist of 1) the body with its upwardly widening or flaring configuration as it approaches the dome, and 2) the integral construction of the dome and body. Inasmuch as these structural features are included in each of the other claims on appeal, all of which depend from claim 8, all of the claims will stand or fall together. Appellant does not urge separate patentable significance for any of the additional features of the dependent claims.

The appealed claims were rejected by the examiner as "unpatentable over Kootz et al. in view of Kalling et al., and/or Kosmider et al." This ground of rejection was affirmed by the Board of Appeals, which held that the claims were properly refused as unpatentable over the combined teachings of the prior art. It is appellant's position that the references are improperly combined in such a rejection. As stated in appellant's brief:

> Since, if the references were properly combined, they would meet the material limitations of the appealed claims, the sole question to be determined in this appeal is whether the references were properly combined.

In essence, it is appellant's position that the integral refractory lining in which the upper part of the body has an upwardly widening configuration as it approaches the dome of the converter is novel and achieves certain results which are not achieved by the prior art. Thus, appellant alleges 1) that it permits storage of larger amounts of foaming slag; 2) that it results in decreased gas velocity immediately above the molten metal; 3) that these first two advantages minimize the chances of slag overflow; and 4) that when the converter is tilted to pour off slag or metal, the increased depth of the pool adjacent the pouring apertures results in minimum metal loss.

Appellant, after reciting the foregoing advantages in his brief, asserts:

> The advantages attainable by the tapering or upwardly diverging relationship of the inside of the body as it approaches the dome are multifold.

> In the upright position of the converter, the upwardly converging [sic] or widening shape results in a perceptible decrease in gas velocity immediately above the bath, and will inherently provide compensation for the reduction in cross-sectional area caused by the presence of the oxygen injecting lances. In addition, this arrangement permits the storage of an increased amount of foaming slag. The increase in slag holding capacity together with the reduction in gas velocity prevents overflow of slag as a result of excessive foaming which may occur incident to reaction between the oxygen and components of the bath.

> When the converter is tilted on its side for pouring slag, or for "scouring," the bath is caused to be concentrated substantially at the juncture of the dome and the upwardly diverging inner walls of the converter body to a substantial depth immediately adjacent the mouth and within a small area whereby it may be readily poured through the mouth with a minimum loss of metal.

> It will be seen that the upwardly divergent relationship of the body interior, and the integral connection thereto of the dome, bear an essential relationship capable of achieving all of the above advantages only when em-

ployed in a converter which is tiltable in operation from an upright position to a substantially horizontal position.

The references were summarized in the examiner's answer as follows:

Kootz et al. show in their drawings an apparatus used in refining pig iron and outlines [sic] a method for effecting this refining. They show a converter (1) having a base, a body, and a dome made of refractory material. The (inner) refractory lining of the converter has an upwardly widening configuration as it approaches the dome from the base as is evident in Fig. 1. The lances (5 and 6) are inserted through the dome, in Fig. 1. In Fig. 5 are shown pouring mouths 32 and 33. In the dome of Fig. 5 are shown two opening (pouring apertures) located on either side of the lance openings (24 and 26).

Kosmider et al. show a converter in which the lance is inserted through a top opening for refining pig iron. This converter utilizes an integral lining in which the base, body, and dome are made in one piece.

Kalling et al. show a converter in which the equivalent of an oxygen lance is inserted through what would be the top opening of the converter if it were placed in an upright position. This converter (rotary furnace) comprises a metallic shell having an interior refractory lining (3).

This summary of the reference disclosures was adopted by the board and, since it seems to be both concise and accurate, is also adopted here.

Appellant sets forth at some length in his brief the reasons underlying his position that the references are individually deficient to make appellant's invention obvious to one of ordinary skill in this art. His position as stated in his brief is as follows:

All of the errors relied upon have to do with the improper combining of the references. It is appellant's position that if the art is viewed by itself as of the time the invention was made, it did not fairly disclose doing what appellant has done. It contains no teachings of the problem solved by appellant or its solution. The patents which are combined fail to contain any teaching or suggestion that they could or should be combined for the purposes achieved by appellant. * *

After reviewing appellant's position and considering the prior art from the standpoint of what it fairly teaches one of ordinary skill in this art, we find the only feature actually present in claim 8 which is not shown in Fig. 5 of Kootz et al. is the composite construction of the converter, i. e., the base, body and integral dome, of some unspecified material, each "having an inner refractory lining." Kootz et al. acknowledges that Fig. 5 is merely diagrammatic, recognizing, we think, that one skilled in this art would know that the converter there shown would comprise an outer metal shell for strength and an inner refractory lining to protect the shell from the heat of the melt. The Kalling et al. patent shows this to be a common construction in the art and shows the possibility of making both the shell and lining integral if desired.

In view of the foregoing it seems to us that it would have been obvious to one of ordinary skill in this art when appellant made his invention to modify the structure of the Kootz et al. converter in the manner done by appellant and claimed in the claims on appeal.

In view of the foregoing, we affirm the decision of the board.

Affirmed.